Tracy Harris #02743-112
NAME
FCI Medium II Victorville
PRISON IDENTIFICATION/BOOKING NO.
P.O Box 3850
ADDRESS OR PLACE OF CONFINEMENT
Adelanto, CA, 92301

Note: If represented by an attorney, provide name, address, & telephone number. *It is your responsibility to notify the Clerk of Court in writing of any change of address.*

FILED
2019 AUG 13 PM 5:23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
                                Plaintiff,

v.

Tracy Harris, Pro Se

FULL NAME OF MOVANT
(Include name under which you were convicted)
                                Petitioner.

CASE NUMBER:
CV19-7061-SJO
To be supplied by the Clerk of the United States District Court

CR  2:14-cr-00338-SJO-2
Criminal case under which sentence was imposed.

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**
**28 U.S.C § 2255**

## INSTRUCTIONS - READ CAREFULLY

This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any questions use reverse side of sheet.

Additional pages are not permitted. No citation or authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

Upon receipt, your motion will be filed if it is in proper order. **NO FEE** is required with this motion

If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in a different district, you must file separate motions as to each judgment.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

When the motion is fully completed, the original and three (3) copies must be mailed to the Clerk of the United States District Court, whose address is 255 East Temple Street, Suite TS-134, Los Angeles, California 90012.

## MOTION

1. Name and location of court that entered judgment of conviction under attack: <u>United States District Court For The Central District Of California</u>

2. Date of judgment of conviction: <u>May 30, 2017</u>
3. Length of sentence: <u>180 Months</u>  Sentencing judge: <u>James Otero</u>
4. Nature of offense or offenses for which you were convicted: <u>RICO; Conspiracy; Distribution of a Controlled Substance.</u>

5. What was your plea? *(check one)*
   ☐ Not guilty
   ☒ Guilty
   ☐ Nolo Contendere

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. Kind of trial: *(check one)*
   ☐ Jury
   ☒ Judge only

7. Did you testify at the trial?
   ☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?
   ☒ Yes  ☐ No

9. If you did appeal, answer the following:

    (a) Name of court  Ninth Circuit Court Of Appeals

    (b) Result  Attorney Elizabeth Richard-Royer voluntairly withdrew the appeal

    (c) Date of result  February 12, 2018

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    ☐ Yes   ☒ No

11. If your answer to question number 10 was "yes," give the following information:
    (a) (1) Name of Court _____
        (2) Nature of proceeding  N/A
        (3) Grounds raised  N/A
        (4) Did you receive an evidentiary hearing on your petition, application, or motion?
            ☐ Yes   ☒ No
        (5) Result _____
        (6) Date of result _____  N/A
    (b) (1) Name of Court _____
        (2) Nature of proceeding _____
        (3) Grounds raised _____
        (4) Did you receive an evidentiary hearing on your petition, application, or motion?
            ☐ Yes   ☒ No
        (5) Result _____
        (6) Date of result _____
    (c) (1) Name of Court _____
        (2) Nature of proceeding  N/A
        (3) Grounds raised _____
        (4) Did you receive an evidentiary hearing on your petition, application, or motion?
            ☐ Yes   ☒ No

(5) Result _____ N/A _____

(6) Date of result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the results of action taken on any petition, application, or motion?

(1) First petition, etc.    ☐ Yes  ☒ No

(2) Second petition, etc.  ☐ Yes  ☒ No

(3) Third petition, etc.   ☐ Yes  ☒ No

(e) If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

12. State concisely every ground on which you claim that you are being held unlawfully.

**CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date. For your information, the following is a list of the most frequently raised grounds for relief in this type of proceeding. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds that you have, whether listed below or not. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of the grounds listed below for relief, you must allege facts in support of the grounds you select. The petition will be returned to you if you merely check (a) through (j) or any one or more of these grounds without alleging facts in support.

(a) Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Conviction obtained by a violation of the protection against double jeopardy.

Supporting facts (tell your story briefly without citing cases or law): The Judgment shows that I was convicted of 2 counts for violating 21 U.S.C §§ 860 and 841 for one instance of sales of methamphetamine. Section 841 is an element of § 860 and is therefore a lesser-included offense because the § 841 elements are a subset of § 860. To be convicted under both statutes for the same count of sales violates double jeopardy.

B. Ground two: Prior District Of Minnesota conviction does not qualify for career enhancement under U.S.S.G § 4B1.2.

Supporting facts (tell your story briefly without citing cases or law): The prior District of Minnesota conviction in case no. CR-99-51-JMR, does not qualify as a "prior conviction" under §4B1.2 becuase that offense conduct is the same underlying conduct in count 12 of the instant offense and meets all five criteria under the Blockburger test. Any prior conviction which is part of the instant offense cannot be used under § 4B1.2

C. Ground three: Count 72 sales of methamphetamine could not have been committed in conjunction with count 12 conspiracy to distribute crack cocaine.

Supporting facts (tell your story briefly without citing cases or law): The Judgment shows that I was convicted for a 2014 distribution of methamphetamine in conjunction with a conspiracy to distribute crack cocaine in 1999. There is no evidence that I agreed with anyone in 1999 to distribute methamphetamine in 2014. The sales of methamphetamine in 2014 consists of a simple buyer/seller relationship which does not involve conspiracy.

D. Ground four: Ineffective assistance of counsel.

Supporting facts (tell your story briefly without citing cases or law): Each attorney who has represented this case from the beginning has been ineffective for various reasons. Should the court entertain this motion and order briefing, I will be able to demonstrate in detail who, and to what extent, each attorney was in fact ineffective.

13. If any of the grounds listed in 12 A, B, C, or D were not previously presented, state briefly what grounds were not presented, and give your reasons for not presenting them: During sentencing attorney Raphael attempted to address the issue of double jeopardy(A) and the career offender enhancement(B), but the court would not allow it to be heard.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
☐ Yes  ☒ No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At a preliminary hearing: __Antoine Raphael__

    (b) At arraignment and plea: __Same__

    (c) At trial: __same__

    (d) At sentencing: __same__

    (e) On appeal: __Elizabeth Richardson-Royer__

    (f) In any post-conviction proceeding: __Jennifer Uyeda and Chad Nardiello__

    (g) On appeal from any adverse ruling in a post-conviction proceeding: __N/A__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

    ☒ Yes   ☐ No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    ☐ Yes   ☒ No

    (a) If so, give the name and location of the court that imposed sentence to be served in the future: _____
    __N/A__

    (b) Give the date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed sentence to be served in the future?

    ☐ Yes   ☐ No

WHEREFORE, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

Pro Se
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __July 18, 2019__           _Tracy Harris_
             *Date*                     *Signature of Movant*

This motion is timely because attorney Chad Nardiello, whom I did not ask to be assigned to this case, failed to meet the February 12 deadline.
But the Court, however, tolled the filing deadline for all § 2255 motions in this case. See docket entry #3704 of December 26. 2018.

